# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSHA WILLIAMS, )
)
Plaintiff, )
v. ) C.A. No. 10-14 ERIE
)
CITY OF ERIE POLICE )
DEPARTMENT, et al., )
)
Defendants. )

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on January 20, 2010, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Presently before the Court is Plaintiff Rosha C. Williams' appeal from Judge Baxter's "Text Order" dated June 17, 2011 denying the Motion for Extension of Time to File a Response/Reply to the defendant Michael Burns' Motion to Dismiss Amended Complaint (Doc. 36). Mr. Williams argues that he cannot prepare a response to defendants' Motion to Dismiss without discovery material including videotaped statements allegedly made by a woman who was purportedly in possession of several bags of crack cocaine at the bar the night of his arrest.

Magistrate Judge Baxter did not err. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b) (6), the court must "accept as true all factual *allegations* in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d

Cir.2007) (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir.2005)) (emphasis added). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. <u>Id.</u>

Plaintiff is advised that in the usual course, the Court does not permit discovery at this stage of the litigation because we do not normally consider matters outside the pleadings when ruling on a motion to dismiss. In her Text Order, Magistrate Judge Baxter correctly explains that "Plaintiff doesn't require discovery responses before responding to a motion to dismiss based on the sufficiency of his *allegations*." (emphasis added). Therefore, Williams's appeal (Doc. 40) will be dismissed.

AND NOW, this *30* day of June, 2011 IT IS HEREBY ORDERED that Plaintiff Williams' "Appeal" is (Doc. 40) is DISMISSED.

Maurice B. Cohill, Jr.
United States District Judge

cc:  Hon. Susan Paradise Baxter
     U.S. Magistrate Judge

all parties of record _____