IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSHA WILLIAMS, | ) | C.A. No. 10-14 Erie |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| CITY OF ERIE POLICE | ) | |
| DEPARTMENT, et al., | ) | |
|     Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant Michael Burns' motion to dismiss amended complaint [ECF No. 31] be granted.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

Plaintiff Rosha Williams initiated this action by filing a *pro se* civil rights complaint in the Court of Common Pleas of Erie County Pennsylvania at Erie County Docket No. 09-11497. The action was removed to this Court by a Notice of Removal filed by the Defendants on January 20, 2010 [ECF No. 1]. Named as Defendants are: City of Erie Police Department ("EPD"); Officers Jonathan Nolan ("Nolan") and Ryan Victory ("Victory") of the EPD; and Michael Burns, Erie County Assistant District Attorney ("Burns").

In his complaint, Plaintiff contends that Defendants subjected him to false arrest, illegal search and seizure without probable cause, and malicious prosecution in violation of his rights under the fourth amendment to the United States Constitution. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

On January 23, 2010, Defendant Burns filed a motion to dismiss and more definite

statement, seeking dismissal of Plaintiff's claim of malicious prosecution against him, based upon the doctrine of absolute prosecutorial immunity, and requesting a more definite statement of Plaintiff's false arrest and illegal search and seizure claims against him. [ECF No. 6]. The remaining Defendants filed an answer to the complaint. [ECF No. 14].

By Memorandum Order dated April 29, 2011, District Judge Maurice B. Cohill adopted this Court's Report and Recommendation and granted Defendant Burns' motion to dismiss Plaintiff's malicious prosecution claim. [ECF No. 28]. Judge Cohill also granted Defendant Burns' motion for more definite statement as to Plaintiff's false arrest and illegal search and seizure claims, and ordered Plaintiff to file an amended complaint setting forth the specific basis upon which Plaintiff is seeking recovery from Defendant Burns for such claims. [Id.] In accordance with this Order, Plaintiff filed an amended complaint as to Defendant Burns only with regard to his false arrest and illegal search and seizure claims. [ECF No. 30].

In his amended complaint, Plaintiff alleges that drug charges that were brought against him on or about July 28, 2006, were ultimately terminated in his favor. (ECF No. 30 at ¶ 1). Plaintiff alleges that Defendant Burns "knew that the Plaintiff did not commit any of the crimes charged, but continued in concert with the other defendants with their unlawful actions, without probable cause to proceed with criminal prosecution." (Id. at ¶ 2). Plaintiff alleges further that Defendant Burns was supplied with an allegedly exculpatory videotaped witness statement, "but instead of dropping the charges against the Plaintiff [he] proceeded with the filing of the bogus charges." (Id.).

Defendant Burns' has since filed a motion to dismiss amended complaint [ECF No. 31], arguing that Plaintiff's amended claims are barred by the doctrine of absolute prosecutorial immunity. Despite having been given ample time to respond to Defendant Burns' motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the *Twombly/Iqbal/Phillips* line of cases, as follows:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal

pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v. Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

The allegations of Plaintiff's amended complaint clearly challenge actions that fell within the scope of Defendant Burns' duties as an assistant district attorney in initiating and pursuing a criminal prosecution. There are no allegations that Defendant Burns actually took part in the arrest and/or search of Plaintiff. Accordingly, Defendant Burns is absolutely immune from Plaintiff's claims of false arrest and illegal search and seizure, and the same should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant Michael Burns' motion to dismiss amended complaint [ECF No. 31] be granted, and that Defendant Burns be terminated from this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 11, 2011

cc: The Honorable Maurice B. Cohill
     United States District Judge