IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSHA WILLIAMS, | ) | C.A. No. 10-14 Erie |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | **District Judge Cohill** |
| | ) | **Magistrate Judge Baxter** |
| CITY OF ERIE POLICE | ) | |
| DEPARTMENT, et al., | ) | |
|     Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motion for judgment on the pleadings filed by Defendants City of Erie Police Department, Officer Jonathan Nolan, and Officer Ryan Victory [ECF No. 62] be granted.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

Plaintiff Rosha Williams initiated this action by filing a *pro se* civil rights complaint in the Court of Common Pleas of Erie County Pennsylvania at Erie County Docket No. 09-11497. The action was removed to this Court by a Notice of Removal filed by the Defendants on January 20, 2010 [ECF No. 1]. Plaintiff named as Defendants: the City of Erie Police Department ("EPD"); Officers Jonathan Nolan ("Nolan") and Ryan Victory ("Victory") of the EPD; and Michael Burns, Erie County Assistant District Attorney ("Burns").

In his complaint, Plaintiff contends that Defendants subjected him to false arrest, illegal search and seizure without probable cause, and malicious prosecution in violation of his rights under the fourth amendment to the United States Constitution. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

On January 23, 2010, Defendant Burns filed a motion to dismiss and more definite statement, seeking dismissal of Plaintiff's claim of malicious prosecution against him, based upon the doctrine of absolute prosecutorial immunity, and requesting a more definite statement of Plaintiff's false arrest and illegal search and seizure claims against him. [ECF No. 6]. The remaining Defendants filed an answer to the complaint. [ECF No. 14].

By Memorandum Order dated April 29, 2011, District Judge Maurice B. Cohill adopted this Court's Report and Recommendation and granted Defendant Burns' motion to dismiss Plaintiff's malicious prosecution claim. [ECF No. 28]. Judge Cohill also granted Defendant Burns' motion for more definite statement as to Plaintiff's false arrest and illegal search and seizure claims, and ordered Plaintiff to file an amended complaint. [Id.] In accordance with this Order, Plaintiff filed an amended complaint as to Defendant Burns only with regard to his false arrest and illegal search and seizure claims. [ECF No. 30].

Defendant Burns subsequently filed a motion to dismiss Plaintiff's amended complaint [ECF No. 31], on the basis of absolute prosecutorial immunity. On October 11, 2011, this Court issued a Report and Recommendation recommending that Defendant Burns' motion to dismiss be granted. [ECF No. 44]. By Memorandum Order dated November 3, 2011, District Judge Maurice B. Cohill adopted this Court's recommendation and dismissed Plaintiff's claims against Defendant Burns. [ECF No. 48]. Defendants EPD, Nolan, and Victory then filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint. [ECF No. 50].

On or about February 21, 2012, Plaintiff retained Anthony Rodriques, Esquire, to represent him in this matter. [See ECF No. 56]. On June 6, 2012, Defendants EPD, Nolan, and Victory filed a motion for judgment on the pleadings [ECF No. 62], asserting that Plaintiff has failed to state a claim upon which relief may be granted against any of said Defendants because Plaintiff's amended complaint does not contain any allegations against them. Plaintiff's response to this motion was originally due to be filed by June 18, 2012. (See Text Order dated June 7, 2012). After Plaintiff failed to file a response to Defendants' motion, this Court held a telephone

conference on September 4, 2012, in which both Plaintiff's counsel and Defendants' counsel participated. During the telephone conference, this Court explained to Plaintiff's counsel that he needed to file a response to Defendants' motion by September 21, 2012, indicating whether or not Plaintiff intended to retain his original claims against Defendants EPD, Nolan, and Victory. To date, Plaintiff's counsel has failed to file any response to Defendants' motion. This matter is now ripe for consideration.

### B. Standards of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c). Rule 12(c) motions are reviewed under the same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6). See Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991)(citations omitted).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

**C.     Discussion**

A review of the amended complaint reveals that Plaintiff has not made any allegations against any of the moving Defendants, EPD, Nolan, or Victory. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Here, Plaintiff has not set forth any facts in the amended complaint that would implicate the personal

involvement of Defendants EPD, Nolan, and/or Victory in any of the alleged wrongful conduct. Because there are no allegations of wrongdoing in the amended complaint against Defendant EPD, Defendant Nolan, or Defendant Victory, judgment on the pleadings should be granted in their favor.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for judgment on the pleadings filed by Defendants City of Erie Police Department, Officer Jonathan Nolan, and Officer Ryan Victory [ECF No. 62] be granted, and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 16, 2012

cc:     The Honorable Maurice B. Cohill
        United States District Judge