IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSHA WILLIAMS, | ) | C.A. No. 10-14 Erie |
| Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| CITY OF ERIE POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Plaintiffs' motions to reopen case [ECF Nos. 67, 68] be granted.

### II.  REPORT

#### A.  Relevant Procedural and Factual History

Plaintiff Rosha Williams initiated this action by filing a *pro se* civil rights complaint in the Court of Common Pleas of Erie County Pennsylvania at Erie County Docket No. 09-11497. The action was removed to this Court by a Notice of Removal filed by the Defendants on January 20, 2010 [ECF No. 1]. Plaintiff named as Defendants: the City of Erie Police Department ("EPD"); Officers Jonathan Nolan ("Nolan") and Ryan Victory ("Victory") of the EPD; and Michael Burns, Erie County Assistant District Attorney ("Burns").

In his complaint, Plaintiff claimed that Defendants subjected him to false arrest, illegal search and seizure without probable cause, and malicious prosecution in violation of his rights under the fourth amendment to the United States Constitution. On January 23, 2010, Defendant Burns filed a motion to dismiss and more definite statement, seeking dismissal of Plaintiff's claim of malicious prosecution against him, based upon the doctrine of absolute prosecutorial immunity, and requesting a more definite statement of Plaintiff's false arrest and illegal search

and seizure claims against him. [ECF No. 6]. The remaining Defendants filed an answer to the complaint. [ECF No. 14].

By Memorandum Order dated April 29, 2011, District Judge Maurice B. Cohill adopted this Court's Report and Recommendation and granted Defendant Burns' motion to dismiss Plaintiff's malicious prosecution claim. [ECF No. 28]. Judge Cohill also granted Defendant Burns' motion for more definite statement as to Plaintiff's false arrest and illegal search and seizure claims, and ordered Plaintiff to file an amended complaint. [Id.]. In accordance with this Order, Plaintiff filed an amended complaint as to Defendant Burns only with regard to his false arrest and illegal search and seizure claims. [ECF No. 30].

Defendant Burns subsequently filed a motion to dismiss Plaintiff's amended complaint [ECF No. 31], on the basis of absolute prosecutorial immunity. By Memorandum Order dated November 3, 2011, District Judge Cohill adopted this Court's recommendation and dismissed Plaintiff's claims against Defendant Burns. [ECF No. 48]. Defendants EPD, Nolan, and Victory then filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint. [ECF No. 50].

On or about February 21, 2012, Plaintiff retained Anthony Rodriques, Esquire, to represent him in this matter. [See ECF No. 56]. On June 6, 2012, Defendants EPD, Nolan, and Victory filed a motion for judgment on the pleadings [ECF No. 62], asserting that Plaintiff had failed to state a claim upon which relief may be granted against any of said Defendants because Plaintiff's amended complaint does not contain any allegations against them. Plaintiff's response to this motion was originally due to be filed by June 18, 2012. (See Text Order dated June 7, 2012). After Plaintiff failed to file a response to Defendants' motion, this Court held a telephone conference on September 4, 2012, in which both Plaintiff's counsel and Defendants' counsel participated. During the telephone conference, this Court explained to Plaintiff's counsel that he needed to file a response to Defendants' motion by September 21, 2012, indicating whether or not Plaintiff intended to retain his original claims against Defendants EPD, Nolan, and Victory.

Despite this admonition from the Court and counsel's promise to file a response, Plaintiff's counsel failed to file any response to Defendants' motion. As a result, this Court issued a Report and Recommendation on October 16, 2012, recommending that Defendants' motion for judgment on the pleadings be granted and that Plaintiff's case be dismissed [ECF No. 65]. On November 7, 2012, District Judge Cohill entered an Order adopted this Court's recommendation and dismissing this case. Accordingly, this case was closed at such time.

Plaintiff has now filed two separate motions to reopen case on April 3 and April 25, 2014, respectively [ECF Nos. 67, 68], stating that he was never informed by either this Court or Attorney Rodriques that this case was closed. Plaintiff state further that he just learned that the case was closed due to Attorney Rodriques's failure to file a response to Defendant's motion for judgment on the pleadings, and that he was "under the false interpretation that Attorney Anthony Rodriques was complying with all court orders and filing all responses to any and all motions the defendants had filed" (ECF No. 68 at ¶ 6). As a result, Plaintiff argues that it would be a "miscarriage of justice" to uphold the dismissal of this case due to his attorney's negligence (Id. at ¶ 8).

### B. Discussion

Even though this case was dismissed based upon the grant of Defendants' motion for judgment on the pleadings [ECF No. 62], in actuality the dismissal occurred due to the failure of Plaintiff's attorney to comply with this Court's directive to file a response to Defendants' motion.

The Third Circuit Court of Appeals has held that dismissals with prejudice for failure of the plaintiff to prosecute or to comply with any order of the court are "drastic sanctions" that are only to be used in extreme cases. *Poulis v. State Farm and Casualty Co.*, 747 F.3d 863, 867 (3d Cir. 1984). In determining whether to uphold such a sanction, the Third Circuit has established six factors that must be balanced: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.3d at 868.

As to the first factor, although it may be argued that Plaintiff is responsible for the amended complaint's failure to include all claims against all parties, it is reasonable to conclude that Plaintiff merely sought to clarify his claims against Defendant Burns in response to District Judge Cohill's Order granting Defendant Burns' motion for more definite statement [ECF No. 28]. After entering his appearance as Plaintiff's legal representative, it was incumbent on Attorney Rodriques to affirm whether or not Plaintiff still intended to pursue his original claims against Defendants EPD, Nolan, and Victory, which were not restated in Plaintiff's *pro se* amended complaint [ECF No. 30]. Attorney Rodriques's failure to do so left this Court with little choice but to construe the amended complaint as the final statement of Plaintiff's claims against all parties, which ultimately resulted in the dismissal of this case. This occurred through no fault of Plaintiff.

Second, Defendants EPD, Nolan, and Victory cannot effectively claim prejudice here. In fact, the failure of Plaintiff's attorney to respond to Defendants' motion for judgment on the pleadings ultimately worked for their benefit, as it led to the dismissal of this case.

Third, although there is a moderate history of Plaintiff's dilatoriness apparent from the docket, marked by various extension and stay requests, appeals, and repeated requests for appointment of counsel, this is not a case where Plaintiff consistently filed untimely responses to motions or ignored court orders, at least prior to Attorney Rodriques's involvement.

Fourth, the failure of Plaintiff's attorney to file a response to Defendant's motion cannot be said to have been done in bad faith, although it can certainly be considered willful. Nonetheless, the only one adversely affected by the willful conduct at issue was Plaintiff himself.

Fifth, although it is difficult to derive an alternative sanction for Plaintiff's failure to file a

response to Defendant's motion for judgment on the pleadings other than granting the motion and dismissing the case, sanctions against Plaintiff's attorney under Rule 11 of the Federal Rules of Civil Procedure might be more appropriate now in light of Plaintiff's representations to the Court.

Finally, Plaintiff's original claims against these Defendants were stated well enough that Defendants filed an Answer to the original complaint, rather than a motion to dismiss. Their subsequent motion for judgment on the pleadings did not challenge the merit of Plaintiff's claims, but merely sought to take advantage of the procedural defect that was caused by Plaintiff's omission of any claims against them in the amended complaint. Thus, Plaintiff's claims are deemed meritorious on their face.

Based on the foregoing consideration of all of the *Poulis* factors, this Court finds sufficient cause to reopen this case to allow Plaintiff to reinstate his original claims against Defendants EPD, Nolan, and Victory, if he so desires.

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motions to reopen case [ECF Nos. 67, 68] be granted and that this case be reopened.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 6, 2014

cc: The Honorable Maurice B. Cohill
United States District Judge