IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROSHA WILLIAMS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | Civil Action No. 10-14 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| CITY OF ERIE POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Petitioner, Rosha Williams ("Williams"), filed a complaint alleging that defendants, the City of Erie Police Department ("EPD"); Officers Jonathan Nolan ("Nolan") and Ryan Victory ("Victory") of the EPD; and Michael Burns, Erie County Assistant District Attorney ("Burns"), subjected him to false arrest, illegal search and seizure without probable cause, and malicious prosecution in violation of his rights under the Fourth Amendment of the United States Constitution. As relief for his claims, Williams sought compensatory and punitive damages.

During the course of the litigation the case against Defendant Burns was dismissed on the basis of prosecutorial immunity. On December 28, 2011 the remaining defendants ("Defendants") filed an Answer and Affirmative Defenses [ECF No. 50] to Williams' Amended Complaint [ECF No. 30]. In the meantime, on February 21, 2012, Attorney Anthony Rodriques ("Rodriques") appeared on behalf of Williams [ECF No. 56]. Subsequently, on June 6, 2012, the Defendants filed a motion for judgment on the pleadings, asserting that Plaintiff failed to state a claim upon which relief could be granted against any of the Defendants [ECF No. 62]. Magistrate Judge Susan Paradise Baxter held a status conference on September 4, 2012 and ordered Williams to respond to the Defendants' Motion by September 21, 2012. No response was filed.

1

On October 16, 2012, Magistrate Judge Paradise Baxter issued a Report and Recommendation ("R&R") [ECF No. 65] in which she recommended that the Motion for Judgment on the Pleadings filed by the Defendants be granted, and the case be dismissed. In her R&R Judge Baxter stated, "A review of the amended compliant reveals that Plaintiff has not made any allegations against any of the moving Defendants, EPD, Nolan, or Victory. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief." [ECF No. 65 at 4]. On November 7, 2012, this Court adopted Judge Baxter's R&R as the opinion of the Court and granted the Motion for Judgment on the Pleadings [ECF No. 66]. We stated, "It is the opinion of this Court that the Amended Complaint as written is deficient in alleging its claims and Williams has not pursued the claims though he was given ample time and notice to do so." [ECF No. 66 at 2].

On April 25, 2014 Williams filed a Motion to Reopen the Case [ECF No. 67 and 68]. In his motion he alleges that his attorney, Anthony Rodriques, was ineffective in this case and did not respond to pleadings in a timely manner. Furthermore, Williams, no longer a *pro se* plaintiff, was not receiving notices from the Court. Therefore, he did not know he needed to file a response, and otherwise would have filed responsive pleadings. From the time Rodriques entered his appearance, February 21, 2012 [ECF No. 56], to the time Williams, having learned of his case dismissal, filed his Motion to Reopen Case on April 3, 2014 [ECF No. 67], almost two years had passed. Furthermore, from the time this Court dismissed the case a year and 5 months had passed.

On May 6, 2014, Judge Baxter issued another R&R recommending the Court reopen the case in response to Williams' Motion [ECF No. 69]. In her R&R, Judge Baxter notes the case

was dismissed based on the granting of Defendant's Motion for Judgment on the Pleadings, but acknowledges that the dismissal occurred due to the failure of Rodriques to comply with the Court's directive to file a response to Defendant's Motion for Judgment on the Pleadings [ECF No. 69 at 3]. Judge Baxter citing to Poulis v. State Farm and Casualty Co., 747 F.3d 863, 867 (3d Cir. 1984) analyzed whether the dismissal of the case should be overturned. The factors to be balanced in Poulis are as follows: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; (6) the meritoriousness of the claim or defense." 747 F.3d at 868.

On May 8, 2014, Defendants filed Objections to the R&R [ECF No. 70]. Defendants object to the analysis in the R&R because they say Judge Baxter was forced to speculate Williams' motives and circumstances because no sworn evidence or facts were ever presented by Williams. Furthermore, Defendants state that Federal Rule of Civil Procedure 60 bars consideration of the Court to reopen the case. Namely that the dismissal under rule 12 Judgment on the Pleadings is a final decision on the merits and none of the grounds for relief stated in Rule 60 apply in this case.

While we disagree that Rule 60 bars the Court's ability to reopen the case due to 60(b)(6) ("any other reason that justifies relief"), we must agree with the Defendants' objections generally and we will deny Williams' Motion to Reopen the Case. Namely, the reason this Court initially dismissed this case, Williams' failure to allege any colorable claim against the remaining Defendants, continues to be a convincing reason to dismiss the case.

3

Despite the extraordinary passage of time to Williams "realization" that the case was dismissed, and now the time that has passed since his subsequent filings to reopen the case, a total of two years and 4 months in all, Williams still has not provided this Court with a Complaint that would satisfy the requirements of Rule 8. Williams' Motion to Reopen the Case should have included a colorable claim against the Defendants and at this point, based on what Williams' has submitted to this Court, we are reticent to believe that if we did reopen the case there would be any meritorious claim against the remaining Defendants. We further agree with both Judge Baxter and Defendants that Williams's proper recourse at this point is to file a Rule 11(c)(2) Motion for sanctions against Rodriquez [see ECF No. 69 at 5 and ECF No. 70 at 7].

As for the Poulis balancing factors listed above, we are unable to evaluate some of the factors enumerated in Poulis due to lack of evidence. However, when we balance the factors we are able to evaluate, the weight of the information we have is heavily in favor of dismissing the case. More specifically, we believe Williams must take some personal responsibility for the great amount of time that has passed. While it may be the case the Rodriques was negligent in his representation of Williams, Williams certainly did not follow up with Rodriques, who seemingly cut off all communication with his client and the Court sometime in June 2012, to ascertain the status of his case. Williams demonstrates a history of dilatoriness based on the fact that such a great amount of time has passed before he took any action to learn the status of his case and continues to let his claims languish. Perhaps the most convincing factor of all the Poulis factors in this case is the meritoriousness of the claim. This Court sees no legitimate reason to reopen this case. In the four years this case has been pending, there has been not a scintilla of evidence that supports Williams' claims against the remaining Defendants. Therefore, the following Order is entered:

And now to-wit, this 11th day of June 2014, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

The Report and Recommendation of Magistrate Judge Baxter dated May 6, 2014 [ECF No. 69] will not be adopted as the Opinion of the Court. We deny Williams' Motion to Reopen the Case for the reasons stated above. Finally, Williams' Motion to appoint new counsel [ECF No. 74] is now moot. The Clerk shall mark this case **CLOSED**.

Maurice B. Cohill
Senior United States District Court Judge
Western District of Pennsylvania